**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUDMILA SHPITJ and FRED LABANKOFF, | No. C-11-2072-EDL |
| Plaintiffs, | **ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSAL WITHOUT PREJUDICE** |
| v. | |
| PETALUMA SKILLED NURSING & WELLNESS CENTRE, LLC, et al., | |
| Defendants. / | |

Plaintiffs Ludmila Shpitj and Fred Labankoff filed a complaint and Application to Proceed In Forma Pauperis on April 27, 2011. Mr. Labankoff filed a consent to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), but Ms. Shpitj did not respond to the Clerk's Notice regarding consent or declination to a magistrate judge despite two requests. Because not all Plaintiffs have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), the Court issues this Report and Recommendation and will reassign this case to a district judge. For the reasons set forth below, the Court recommends granting Plaintiffs' Application to Proceed In Forma Pauperis and dismissing this action with prejudice.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); Jackson

1 v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  Dismissal on these grounds is often made sua sponte
2 prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense
3 of answering such complaints.  Id. at 324.

4      Plaintiffs' Application to Proceed In Forma Pauperis adequately alleges Plaintiffs' poverty.
5 Plaintiffs are unemployed, receive welfare payments, and have almost no money in the bank.
6 Because both Plaintiffs qualify for In Forma Pauperis status, their Applications should be granted.

7      However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that
8 fails to state a claim upon which relief may be granted.  Plaintiffs' complaint is generally difficult to
9 comprehend but consists of allegations that Defendants, various California medical service providers
10 as well as their owners and staff members, committed California state breach of contract, willful
11 misconduct, intentional infliction of emotional distress, fraud, negligence, elder abuse, assault and
12 battery, and unfair business practices.  The complaint states that "Plaintiffs have standing . . .in
13 Federal District Court per 42 C.F.R. 482.13." Compl. ¶ 14.  However, Plaintiffs' complaint does not
14 provide a basis for federal jurisdiction under 28 U.S.C. § 1331 because it consists solely of state law
15 claims.  Further, there appears to be no basis for diversity jurisdiction under 28 U.S.C. § 1332 where
16 Plaintiffs are California residents (Compl. ¶ 12) and the defendants appear to be California residents
17 as well, though not all of their citizenships are alleged (Compl. pages 2-3).  Accordingly, the Court
18 should  DISMISS Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

19      Any party may serve and file specific written objections to this recommendation within
20 fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.
21 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the
22 right to appeal the District Court's order.

Dated: May 25, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge